```
Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Figueroa Street
Suite 1800
Los Angeles, California 90071
Telephone: (213) 340-5796

Attorneys for Plaintiffs
BACKGRID USA, INC., and
BACKGRID LONDON LTD.,
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., and BACKGRID LONDON LTD., <br><br> *Plaintiffs*, <br><br> v. <br><br> HOT IN HERE, INC. d/b/a VLADTV, and VLADIMIR LYUBOVNY, <br><br> *Defendants*. | Case No.: 2:24-cv-5751 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br><br> *Jury Trial Demanded* |

Plaintiffs BackGrid USA, Inc. and BackGrid London Ltd., for their Complaint against Defendants Hot in Here, Inc. and Vlad Lyubovny, allege as follows:

## JURISDICTION

1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

### *Plaintiff BackGrid*

2.  Plaintiff BackGrid USA, Inc. ("BGUS") is an entity organized and existing under the laws of the State of California with its principal place of business in Redondo Beach, California.

3. Plaintiff BackGrid London Ltd. ("BGUK") is a private limited company organized and existing under the laws of the country of the United Kingdom with its principal place of business in London, England.

4. BGUS and BGUK are premier celebrity news and photo agencies that provide the world's news outlets with real-time content from top photographers. They also maintain libraries of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty.

5. BGUS and BGUK license their photographs to leading magazines, newspapers, and editorial clients, throughout the world, including in the United States and in California.

6. BGUS and BGUK conduct business as syndicators of photos and photo features of popular content. The business model is predicated on licensing the use of work to many different licensees, each of which pays a fee to publish.

*Joinder*

7. Joinder of plaintiffs BGUS and BGUK is appropriate under Rule 20 of the Federal Rules of Civil Procedure.

*Defendants*

8. On information and belief, defendant Hot in Here is a corporation organized under the laws of the state of New Jersey and is doing business in California under the name of VladTV ("VladTV"). According to its website (vladtv.com), VladTV has its principal place of business in Calabasas, California, in this judicial district.

9. VladTV is a media entity that holds itself out as "the world's leading source of celebrity interviews and news."

10. On information and belief, VladTV owns and operates the Instagram account @vladtv, publicly available at www.instagram.com/vladtv, and/or is responsible for the content posted to that account.

11. On information and belief, VladTV owns and operates the website publicly available at www.vladtv.com, and/or is responsible for the content posted on that website.

12. Vlad Lyubovny is an individual. On information and belief, Mr. Lyubovny is the Chief Executive Officer of VladTV and resides in Calabasas, California, in this judicial district.

13. On information and belief, by virtue of his position as CEO, Mr. Lyubovny controls VladTV, makes decisions on its behalf, and has the right and ability to supervise the activity of the corporation, including any infringing activity.

### *Personal Jurisdiction and Venue*

14. This Court has personal jurisdiction over defendant VladTV because its principal place of business is in Calabasas, California, such that it can be said to be "at home" in California and in this judicial district.

15. This Court has personal jurisdiction over defendant Lyubovny because he resides in Calabasas, California, in this judicial district.

16. Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

### **BACKGROUND FACTS**

### *The Copyrighted Photographs*

17. BGUS is the owner and copyright holder of two photographic images (the "BGUS Images") as follows:

    a. BGUS Image 1 depicts musical artist Beyonce with her hair in braids. BGUS Image 1 was registered with the United States Copyright Office as Registration No. VA 2-058-497 (eff. July 17, 2017). BGUS obtained ownership of this copyright, along with the right to sue for any infringement, from AKM-GSI Media, Inc. by written assignment.

    b. BGUS Image 2 depicts actor Ben Affleck kissing musical artist Jennifer Lopez. BGUS Image 2 was registered with the United States Copyright Office as Registration No. VA 2-256-317 (eff. June 21, 2021).

18. Both BGUS Image 1 and BGUS Image 2 were registered with the U.S. Copyright Office within 90 days of first publication.

19. BGUK is the owner and copyright holder of a photographic image (the "BGUK Image") depicting musical artist Sean Combs kissing influencer Joie Chavis. The BGUK Image was registered with the United States Copyright Office as Registration No. VA 2-277-869 (eff. Nov. 29, 2021). BGUK obtained ownership of this copyright, along with the right to sue for any infringement, from Xposure Photo Agency Inc. by written assignment.

20. The BGUK Image was registered with the U.S. Copyright Office within 90 days of first publication.

21. Collectively, BGUS Image 1, BGUS Image 2, and the BGUK Image are referred to as the "Images."

### *The Infringements*

22. Neither BGUS nor BGUK licensed the Images to defendants. Nevertheless, defendants used the Images without authorization or permission to do so, and without paying a license fee.

23. Specifically, defendants or someone acting on their behalf copied each of the Images from Internet sources—on information and belief including legitimate licensees of plaintiffs—stored the Images on VladTV's servers, and displayed the Images on VladTV's social medical account @vladtv on Instagram as well as on its website vladtv.com.

24. Defendants' unauthorized uses of the Images continued and was ongoing at the time this complaint was filed.

25. The Images are creative, distinctive, and—as evidenced by defendants' use and misappropriation of them—valuable. Because of the Images' quality, visual appeal, and celebrity subject matter, plaintiffs earned revenue from licensing them and stood to gain more revenue from licensing.

26. In fact, all the Images were marketed and licensed as "Premium-Exclusive" photographs. "Premium-Exclusive" photographs are likely to be extremely popular and in high demand because they depict top celebrities or highly newsworthy situations, or because they are available only from a single photo agency (directly or through agents) in that no other photographers captured the celebrity or event, or both. Premium-Exclusive photographs are more valuable and are licensed for a higher fee, sometimes significantly higher (such as $10,000 to $50,000 or more, and higher if the licensee wants a period of exclusivity where no other licensee can display the photographs).

27. Defendants' unauthorized use of the Images harmed the existing and future market for them. Defendants' website and Instagram posts made the Images immediately available to VladTV's followers and to the public, including consumers of entertainment and fashion news—and especially news and images of the celebrity subjects of the Images—who would otherwise be interested in viewing licensed versions of the Images in the magazines, newspapers, and online publications that are plaintiffs' customers.

28. Defendants' unauthorized use of the Images also harms plaintiffs' business model by driving down the prices for legitimately licensed celebrity images and driving away plaintiffs' actual and potential customers. Plaintiffs' customers—among them, media companies who pay large license fees for celebrity visual content—are less likely to purchase licenses, or pay as much for a license, when the same visual content will be widely distributed simultaneously on publicly available websites and social media.

29. In addition, defendants' unauthorized uses of the Images are commercial in nature. VladTV uses its Instagram feed for the purposes of promotion—specifically, to promote brand awareness of its business interests and to attract and drive users to its website where it derives revenue from advertisements.

30. Indeed, on information and belief, defendants specifically posted the Images on Instagram to attract users to its website, as the posts included text directing viewers to the "Link in bio" to see more. On information and belief, defendants knew that because of the Images' depictions of popular celebrities, users would be attracted to view the Images and thus more likely to frequent its website.

31. As a media company, defendants operate in an industry in which copyrights are prevalent and well-understood. Based on that knowledge, defendants were aware of the importance of copyright protection and knew that they needed to have but did not have permission to use the Images, and/or they acted recklessly by posting the Images without determining the right to do so.

## CLAIM ONE

### (For Copyright Infringement, 17 U.S.C. § 501 – Against All Defendants)

32. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

33. Plaintiffs are the authors and or/copyright owners of the protected Images named above in this Complaint.

34. Defendants have reproduced, displayed, or otherwise copied the Images without plaintiffs' authorization or license.

35. The foregoing acts of defendants infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, and distribute their work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

36. Plaintiffs have complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

37. Plaintiffs suffered damages as a result of defendants' unauthorized use of the Images.

38. Having timely registered copyright in the Images, plaintiffs are entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

39. Plaintiffs allege, on information and belief, that defendants' actions were intentional or in reckless disregard of plaintiffs' copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

40. In the alternative, plaintiffs are entitled to recovery of their actual damages and defendants' profits attributable to the infringement of the Images, under 17 U.S.C. § 504(b).

41. Within the time permitted by law, plaintiffs will make their election between actual damages and profit disgorgement, or statutory damages.

42. Plaintiffs are also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request the following:

A. For a preliminary and permanent injunction against defendants and anyone working in concert with them from further copying or displaying the Images;

B. For an order requiring defendants to account to plaintiffs for their profits and any damages sustained by plaintiffs arising from the acts of infringement;

C. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Images used in violation of plaintiffs' copyrights—including digital copies or any other means by which they could be used again by defendants without plaintiffs' authorization—as well as all related records and documents;

D. For actual damages and all profits derived from the unauthorized use of the Images or, where applicable and at plaintiffs' election, statutory damages;

E.    For an award of pre-judgment interest as allowed by law;

F.    For reasonable attorney fees;

G.    For court costs, expert witness fees, and all other costs authorized under law;

H.    For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury of all issues permitted by law.

Dated: July 8, 2024    Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:    /s/ Peter Perkowski
Peter E. Perkowski

Attorneys for Plaintiffs
BACKGRID USA, INC. and
BACKGRID LONDON LTD.